## SPARKS *v.* COMMONWEALTH.

It is not error to sentence a defendant convicted on an indictment found "A bill," omitting the word "true."

SELDEN moved the court to allow a writ of error to remove the record of an indictment for perjury, on which the defendant was convicted and sentenced, in the Quarter Sessions of Crawford county. The suggestion of error was, that the grand jury had endorsed the indictment ".A bill," ommitting the word "true;" which, he said, is asserted to be indispensable, by every writer on criminal law.

*Sept.* 11.   GIBSON, C. J.—It is true, that the formal mode of finding an indictment is thus to endorse the bill; but it is not said by any writer to be the only one.   On the contrary, it is said in 1 Chitty's Cr. L. 324, that though the endorsement is, if found, "a true bill," and if not found, "not a true bill," yet the better way, in the latter case, is to endorse "not found," and it would consequently be good to endorse it "found."   But, to endorse it "a bill," is in effect to endorse it so; for though an indictment is strictly called a bill.before it has been found, yet it is, in common parlance, often called so afterwards.   In this instance, the omission of the word "true" may have been deemed immaterial, or it may have been accidental; but the court might have supplied it in either case, as "matter of form not touching matter of substance."   The grand jury certainly intended to do something; as they did not intend to endorse the bill "ignoramus," they intended to endorse it a true bill.   The omission was one of those clerical slips which, it is well settled by Hawk B. 2. ch. 25, s. 97, and Chitty's Cr. L. 297, 325, the court has power, by the previous assent of the grand jury, to amend.

*Allocatur* refused.