## Rosato, Appellant, *v.* LaMent.

Argued January 5, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused, March 23, 1943.

*Frank J. Eustace, Jr.,* with him *Francis M. Mc-Adams,* for appellant.

*S. S. Herman,* for appellee.

PER CURIAM, January 29, 1943:

Plaintiff appeals from judgment n. o. v. in an action to recover for injuries sustained in a right-angled intersection of two streets in Wayne, Delaware County. The cart-way of each street was about 25 feet wide. Plaintiff, driving southward, first saw defendant's car approaching from a point about 125 feet to his right. When he reached a point at which his driver's seat (in a Chevrolet coupe) was in line with the north curb, he saw defendant's car about 65 feet away approaching ". . . very fast." The day was clear. There was no other traffic. The car driven by plaintiff was damaged from the front bumper back to ". . . the middle of the right hand door." Plaintiff "supposed" that he could have stopped within ". . . four or five feet." Miss Graft, who owned the car and occupied the seat with the driver, said the brakes were good; that he could have stopped "immediately". She and the plaintiff thought defendant increased his speed when about 35 feet away. The collision occurred in the intersection 25 feet square. After entering it, plaintiff, while "watching him [defendant] closely", "sensed a danger." It was then too late. The evidence, giving the plaintiff the benefit of all proper inferences, clearly shows his contributory negligence: *Gourley v. Boyle,* 346 Pa. 113, 29 A. (2d) 523; *Stevens v. Allcutt,* 320 Pa. 585, 184 A. 85; *Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53; *Haney v. Woolford,* 124 Pa. Superior Ct. 208, 188 A. 405.

Judgment affirmed.