## Commonwealth *v.* Bryant, Appellant.

Submitted April 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*A. M. Cohen* and *John J. Dean*, Assistant Public Defenders, and *George H. Ross*, Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell*, Assistant District Attorneys, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 21, 1971:

This is a direct appeal from judgment of sentence after motions for new trial and in arrest of judgment were denied by the court below. The appellant, Benjamin Bryant, was found guilty on charges of assault and battery with intent to ravish, simple assault and battery, rape, and pointing a firearm. The appellant was sentenced on the above-enumerated charges and then was further sentenced to five to ten years imprisonment for violation of Act 227 of 1968, popularly known as the "Gun Law".[1]

The record shows that appellant was not indicted nor arraigned for any violation under the provisions of the "Gun Law" and appellant contends, therefore, that he was improperly sentenced. The first notice appellant had of a charge under this act was when he was sentenced for its violation. We find Bryant's ar-

---

[1] The Act provides, in part: "(b) Whoever is convicted of committing a crime of violence, which for the purposes of this section means . . . rape . . . and during the commission thereof had in his possession a firearm shall, in addition to the penalties prescribed by law, be sentenced to undergo imprisonment for not less than five (5) years and not more than ten (10) years." 18 P.S. 4416(b).

gument to be valid and agree that the portion of his sentence imposed under Act 227 cannot stand.

Last year in *Com. v. Hermankevich*, 217 Pa. Superior Ct. 731, 266 A. 2d 509 (1970), our court affirmed the action of the Court of Common Pleas of Allegheny County upsetting a conviction for violation of Act 227 under circumstances identical with those presented in the instant case. The lower court ably pointed out in its opinion in *Hermankevich* (see 118 P.L.J. 24 (1969)) the fundamental necessity that the accused be informed of the nature of all crimes charged, as well as being given the opportunity to present a defense to those charges. The sentencing procedure employed by the trial courts in both *Hermankevich* and the instant case was certainly constitutionally defective.[2]

The Commonwealth argues that the appellant's failure to raise the issue involving the "Gun Law" conviction in his post-trial motions precludes him from raising it in the present appeal. However, we believe that the absence of such a basic requirement that a person be indicted before he can be tried and sentenced involves fundamental error and that we must pass on this claim. See *Com. v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968).

We have closely reviewed the other claims of error raised by appellant and find them to be without merit.

The conviction for violation of Act 227 of 1968 is reversed. In all other respects, judgment of the court below is affirmed.

---

[2] The Constitution of Pennsylvania, Article I, Section 9, provides as follows: "In all criminal prosecutions the accused hath both a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him. . .".

The Fifth Amendment to the United States Constitution establishes that: "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . .".