Commonwealth *v.* Wolfe, Appellant.

Argued November 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Carl Blanchfield,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 24, 1972:

This is an appeal from the judgment of sentence following appellant's convictions on three indictments, the first charging rape, aggravated assault and battery, and pointing firearms; the second charging burglary, larceny, and receiving stolen goods; and the third charging assault and battery.

Testimony at trial established that appellant entered the home of his brother-in-law and took a hand gun which belonged to the brother-in-law, without his knowledge. The burglary, larceny, and receiving charges against appellant were predicated upon the theft of the hand gun. After taking the gun, appellant then used it in the commission of a rape. The victim of the rape was struck by appellant with the gun during the incident. The other charges were lodged against appellant because of this attack.

Appellant was sentenced on the count of rape to a term of imprisonment of not less than two and one-half nor more than five years. In addition, because of appellant's use of a gun in the commission of the rape, the lower court imposed an additional sentence of five to ten years pursuant to the "gun possession act", 18 P.S. 4416(b).[1] This additional sentence was to run

[1] "Whoever is convicted of committing a crime of violence, which for the purposes of this section means murder, rape, robbery, burglary, entering a building with intent to commit a crime therein, kidnapping or participation in riot and during the commission thereof had in his possession a firearm shall, in addition to the penalties

consecutively to the sentence imposed for rape. Sentence on the counts charging aggravated assault and battery, and pointing firearms was suspended by the court.

As to the indictment containing the counts of burglary, larceny, and receiving stolen goods, appellant was sentenced on the second and third count of larceny and receiving stolen goods to concurrent terms of imprisonment of not less than six months nor more than one year on each count, said sentences to run consecutively with the sentence imposed on the first indictment. Appellant was sentenced to not less than six months nor more than one year on the assault and battery count contained in the third indictment, said sentence to run consecutively with the sentence imposed on the second indictment.

Appellant contends in this appeal that (1) the sentence imposed pursuant to 18 P.S. §4416(b), supra, was not valid, and (2) the concurrent sentences imposed on the larceny and receiving counts were improper. We will consider each claim separately.

## I

Appellant argues that his sentence of five to ten years under the "gun possession act", 18 P.S. §4416(b), was constitutionally defective in that the violation of §4416(b) was not included in the complaint or indictments. In the recent case of *Commonwealth v. Bryant*, 219 Pa. Superior Ct. 412, 281 A. 2d 678 (1971), our Court considered a claim identical to that presented by the appellant in the instant case: "The appellant . . . was found guilty on charges of assault and battery with

prescribed by law, be sentenced to undergo imprisonment for not less than five (5) years and not more than ten (10) years." Act of June 24, 1939, P. L. 872, §416, *as amended* July 30, 1968, P. L. , No. 227, §1.

intent to ravish, simple assault and battery, rape, and pointing a firearm. The appellant was sentenced on the above-enumerated charges and then was further sentenced to five to ten years imprisonment for violation of [18 P.S. §4416(b)], popularly known as the 'Gun Law'. [footnote omitted.]

"The record shows that appellant was not indicted nor arraigned for any violation under the provisions of the 'Gun Law' and appellant contends, therefore, that he was improperly sentenced. The first notice appellant had of a charge under this act was when he was sentenced for its violation." *Bryant,* supra, at 413.

Judge CERCONE, speaking for our Court in *Bryant,* concluded that it was a "fundamental necessity that the accused be informed of the nature of all crimes charged, as well as being given the opportunity to present a defense to those charges. The sentencing procedure employed by the trial [court] . . . in the instant case was certainly constitutionally defective". [footnote omitted.][2] *Bryant,* supra, at 414.

In a criminal prosecution it is imperative that a defendant be given clear notice of the charges against him. The indictment upon which appellant was charged in the instant case contains no notice of a violation of 18 P.S. §4416. The indictments in *Bryant* and this case do contain a reference to the use of a gun, but this

---

[2] Our decision in *Bryant* relied on Article I, Section 9, of the Pennsylvania Constitution and the Fifth Amendment to the United States Constitution. Article I, Section 9, of the Constitution of Pennsylvania provides in relevant part as follows: "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him. . . ."

The Fifth Amendment to the United States Constitution establishes that: "[n]o person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ."

would not be sufficient notice of the charge. A defendant should not have to guess which charges have been placed against him. If the charges in an indictment are not clear and explicit, a defendant cannot properly defend against them. Therefore, the additional sentence of five to ten years imposed under the "gun possession act" was error and must be vacated.

## II

Appellant's second argument is that he was improperly sentenced separately for larceny and receiving stolen goods. The district attorney's brief concedes that this is "[a] separate and distinct sentence [which] should not be imposed on each count [citation omitted]." *Commonwealth v. Phillips*, 215 Pa. Superior Ct. 5, 7, 257 A. 2d 81 (1969) (WRIGHT, P. J.).

The Commonwealth argues, however, that since appellant received concurrent sentences on these two counts, he has suffered no prejudice. This argument is based on the "concurrent sentence doctrine", a doctrine never accepted in Pennsylvania and recently discredited by the United States Supreme Court. In *Benton v. Maryland*, 395 U.S. 784 (1969), the Supreme Court rejected the "concurrent sentence doctrine": "[o]ne can search . . . without finding any satisfactory explanation for the concurrent sentence doctrine. . . .

". . . as in Sibron [Sibron v. New York, 392 U.S. 40 (1968)], both of petitioner's convictions might some day be used to impeach his character if put in issue at a future trial. Although petitioner could explain that both convictions arose out of the same transaction, a jury might not be able to appreciate this subtlety."

". . .

". . . It is sufficient for present purposes to hold that there is no jurisdictional bar to consideration of

challenges to multiple convictions, even though concurrent sentences were imposed." *Benton v. Maryland,* supra, at 788-791.

The possibility of future prejudice to the appellant is a sufficient basis upon which to vacate an improperly imposed concurrent sentence. In view of the Supreme Court's holding in *Benton,* appellant's sentence for receiving stolen goods must be vacated.

The judgment of sentence as to the violation of 18 P.S. §4416(b) and as to appellant's conviction for receiving stolen goods is vacated.

WATKINS, J., dissents.