Commonwealth *v.* Coles, Appellant.

Argued September 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING and SPAETH, JJ., absent.)

*John W. Packel,* Assistant Defender, with him *Thomas Branca* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 3, 1974:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from a judgment of sentence following a conviction for larceny and operating a motor vehicle without the consent of the owner of a 1963 Chevrolet.

On April 9, 1971, at about 8:20 p.m., Mr. Fred Langley drove his car, a 1963 Chevrolet, to the home of his wife at 2853 North 9th Street in Philadelphia. He parked his car in front of her house and went inside. At 8:30 p.m., he discovered the car missing and reported this to the police. Langley then borrowed a car from a friend and went to look for his car. At about 1:00 a.m. he found it parked outside a bar. The car was equipped with an "exit switch" that made the car impossible to start when activated. He activated the switch, parked the borrowed car, and waited. In about ten minutes, he allegedly saw the appellant come out of the bar with a tape recorder and a bag of tapes, all of which had been in the glove compartment of his car. Appellant attempted to start the car, but could not. The police then arrived and arrested appellant, who

testified he had met a man named "Blue" in the bar who gave him keys, the tape recorder and the tapes, and asked appellant to put them in the vehicle.

Appellant contends that the trial judge erred when he charged the jury that it could return a guilty verdict for the larceny of either the 1963 Chevrolet or the tapes and tape recorder. Appellant argues it was both erroneous and prejudicial to include the tapes and tape recorder as a separate offense. The trial judge delivered the following charge to the jury: "Here there has been evidence with respect to *two larcenies. The Commonwealth asks that you find that the automobile was stolen and that the tape recorder and the tapes inside the automobile were stolen.*" (Emphasis added.)

Defense counsel objected to the charge saying: "My only exception to the charge, Your Honor, is in explaining larceny and receiving stolen goods with regard to the automobile, the recorder and the tapes. But that is not alleged in the indictment. The tape recorder and the tapes are not in the indictment."[1] The assistant district attorney then moved to amend the bill of indictment to add the charge of larceny of the tapes and the tape recorder. Over defense counsel's objection, the trial judge allowed the amendment, viewing the error if any as harmless.[2]

Pennsylvania Rules of Criminal Procedure 220 states very clearly: "The court may allow an indictment to be amended where there is an defect in form,

---

[1] Indictment No. 697 charges the defendant with one count of larceny [of 1963 Chevrolet] and one count of receiving stolen goods.

[2] The lower court said in its opinion: "On the record the court should not have referred in its charge to 'two larcenies'. . . . In fact, however, the court considers that its error was harmless because the jury must have understood that the question it had to decide was whether there had been one larceny of different items: the car, the tape recorder and tapes."

the description of the offense, the description of any offense or any property, or the date charged *provided the indictment as amended does not charge an additional or different offense. . . ."* (Emphasis added.) Amendment to indictment have been generally permitted, where the amendment is such that it cannot prejudice the accused. *Sparks v. Commonwealth,* 9 Pa. 354, (1848) (to correct a clerical error); *Commonwealth ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767 (1950) (to correct a misstatement in the indictments of the date of the commission of crimes charged); *Commonwealth v. Souder,* 176 Pa. Superior Ct. 523, 108 A. 2d 831 (1954) (to correct a mistake in the designation of the indictment).[3] Here, however, the amended indictment *would* "charge an additional or different offense," if the jury could consider the tape recorder and tapes as a separate larceny.

In *Commonwealth v. Wolfe,* 220 Pa. Superior Ct. 415, 289 A. 2d 153 (1972), this Court vacated the lower court's additional sentence of five to ten years pursuant to the "gun possession act," 18 P.S. §4416(b) because the violation of 18 P.S. §4416(b) was not included in the complaint or the indictments. We said at pages 419-420: "In a criminal prosecution, it is imperative that a defendant be given clear notice of the charges against him. The indictment upon which appellant was charged in the instant case contains no notice of a

[3] I am cognizant of the importance of allowing indictments to be liberally amended. ". . . it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense upon such merits, to order such indictment to be amended, according to the proof, . . ." 19 P.S. §433. In *Commonwealth v. Neuman,* 151 Pa. Superior Ct. 642, 652, 30 A. 2d 698, 703 (1943) our Court said: "There has been a constant trend toward liberalizing, both by statute and decision, the amendability of indictments, . . ." See also, *Commonwealth v. Ballow,* 171 Pa. Superior Ct. 54, 90 A. 2d 363 (1952).

violation of 18 P.S. §4416 (footnote omitted). The indictments in *Bryant* and this case do not contain a reference to the use of a gun, but this would not be sufficient notice of the charge. *A defendant should not have to guess which charges have been placed against him.* If the charges in an indictment are not clear and explicit, a defendant cannot properly defend against them." (Emphasis added.) Sentencing on an unspecified charge is a violation of the United States and Pennsylvania Constitutions. *Commonwealth v. Bryant*, 219 Pa. Superior Ct. 412, 281 A. 2d 678 (1971).[4]

In *Stirone v. United States*, 361 U.S. 212, 80 S. Ct. 270 (1960),[5] where the pivotal question was whether the petitioner was convicted of an offense not charged in the indictment. Mr. Justice BLACK, who delivered the opinion of the Court, said at 273: "While there was a variance in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. Depriva-

---

[4] The Constitution of Pennsylvania, Article I, Section 9, provides as follows: "In all criminal prosecutions the accused hath both a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him. . . ."

The Fifth Amendment to the United States Constitution establishes that: "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ."

[5] Where the indictment charged the defendant with violation of the Hobbs Act in unlawfully interfering by means of threats with interstate commerce with respect to importation of sand and other materials from other states by manufacturer of ready-mix concrete; the Court held it was error to admit evidence that concrete was being shipped for incorporation into a steel mill, which would manufacture products that would be shipped in interstate commerce and to charge jury that defendant's guilt could be rested either on finding that sand had been shipped in interstate commerce or that concrete would be incorporated in steel mill which would ship products in interstate commerce.

tion of such a basic right is far too serious to be treated as nothing more than a variance and *then dismissed as harmless error.* (Emphasis added.)

By allowing the amendment at the end of trial, the trial judge deprived appellant of his ". . . substantial right to be tried *only* on charges presented in the indictment. . . ."[6] (Emphasis added.)

The judgment of sentence should be reversed, and the case remanded for new trial, limited to the charge of larceny of the 1963 Chevrolet.[7]

---

[6] *Stirone v. United States,* supra at 273; See also *Ex Parte Bain,* 121 U.S. 1, 7 S. Ct. 781 (1887).

[7] This case should be remanded for a new trial on the automobile larceny charge because it is impossible to determine from the jury's verdict whether guilt was attributed to larceny *of the automobile* or of the *tape paraphernalia.* The verdict reads in part: ". . . guilty to Bill 697 charging larceny on the first count, not guilty on the second count of receiving stolen goods." It is certainly possible that the jury returned a guilty verdict for larceny because it believed that the defendant stole the tape equipment. Therefore, on the limited charge of larceny of the 1963 Chevrolet, a new trial should be granted.