366 A.2d 1233
**COMMONWEALTH of Pennsylvania**
v.
**John C. BRANDRUP, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Dec. 15, 1976.

Dante G. Bertani, Public Defender, Alfred B. Bell, Asst. Public Defender, Greensburg, for appellant.

James J. Conte, Greensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence on the ground that the evidence adduced at trial varied substantially from the charge set forth in the indictment.

On January 13, 1975, the grand jury of Westmoreland County returned a bill of indictment against appellant on charges of receiving stolen property,[1] possessing instruments of crime,[2] and former convict not to own [possess] a firearm.[3] On February 26, 1975, the lower court sup-

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3925.
2. The Crimes Code, supra; 18 Pa.C.S. § 907.
3. The Crimes Code, supra; 18 Pa.C.S. § 6105.

pressed all physical evidence seized by the police pursuant to the search warrant executed in this case on October 25, 1974. The physical evidence consisted of a .38 caliber Smith & Wesson revolver and some tools. On March 26, 1975, after a non-jury trial, appellant was found guilty of receiving stolen property and former convict not to possess a firearm. Subsequently, the court en banc granted appellant's motion to arrest judgment on the charge of receiving stolen property, but sustained appellant's conviction of the firearms violation.

Appellant's argument on this appeal is based upon the fact that the indictment charging appellant with the crime of former convict not to possess a firearm included the allegation that the possession of the revolver occurred "on or about" October 25, 1974, in a 1970 Dodge Sedan, while the proof at trial showed possession of the revolver on the previous day of October 24, 1974 at an automobile repair shop. The variance occurred because the suppression order barred proof of possession of the firearm on October 25, 1974. Appellant contends that this variance between the allegation contained in the indictment and the proof at trial was so substantial and so great as to prove a different crime than the one charged in the indictment. We disagree.

The crime upon which appellant was charged, indicted, and convicted appears at Section 6105 of the Crimes Code as follows:

*"Former convict not to own a firearm, etc.*

No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control."

The element concerning a prior conviction for a crime of violence was established by stipulation at the opening of the Commonwealth's case. The effect of the stipulation was that appellant admitted that he had been convicted in Westmoreland County of the crime of burglary,

which under Section 6102 of the Crimes Code is listed as a crime of violence. The only other remaining element which the Commonwealth had to establish under Section 6105 was that appellant was in possession of a firearm.

The Commonwealth's evidence presented at trial established that on October 24, 1974, appellant was in possession of a .38 caliber Smith & Wesson revolver. This evidence was based on the testimony of a Commonwealth witness, Mrs. Connie Stap, who stated that appellant drove a Camaro automobile into her automobile shop for repairs on October 23, 1974. Appellant telephoned Mrs. Stap later that evening and asked her to retrieve a gun which was under the front seat of the car. Mrs. Stap retrieved the gun and returned it to appellant on October 24, 1974. So, despite the lower court's suppression of evidence taken from appellant on October 25, 1974, it was clearly established that appellant possessed a gun on October 24, 1974.

In *Commonwealth v. Campbell,* 116 Pa.Super. 180, 176 A.2d 246 (1935), this court discussed the sufficiency of an indictment, stating:

"Of course, the indictment must be drawn with reasonable clearness and certainty to show the substance, time, and place of the alleged offense, so that a defendant may be informed in an intelligent manner of what he is called upon to answer and protected against a second conviction of the same offense: *Seifried v. Com.,* 101 Pa. 200; *Com. v. Romesburg,* 91 Pa.Super. 559, 562. 'The particularity demanded, however, is only of the degree required in declarations,—"certainty to a certain intent in general;" [citing cases].' " See also *United States v. Winer,* 323 F.Supp. 604, 605 (E.D.Pa.1971).

In *Commonwealth v. Rouse,* 207 Pa.Super. 418, 218 A. 2d 100 (1966), the defendant was charged with several crimes "on or about November 15, 1964." In *Rouse,* it was also argued that the Commonwealth failed to prove

the offenses occurred at the same time and place set forth in the indictment. In response, this court stated:

"It is well settled in this jurisdiction that the Commonwealth is not restricted to proof of the crime on the exact date stated in the indictment. *Commonwealth v. Morrison*, 180 Pa.Super. 121, 118 A.2d 258 (1955). In the prosecution of . . . crimes in which a particular date or day of the week is not the essence of the offense, the Commonwealth's burden is to prove the commission of the crime upon some date fixed with reasonable certainty and within the prescribed statutory period. *Commonwealth v. Mourar*, 167 Pa.Super. 279, 74 A.2d 734 (1950)."

■ This burden was clearly met in the case presently before us. While the evidence at trial established that the possession occurred on October 24, 1974, rather than as alleged in the indictment "on or about" October 25, 1974,[4] such a variance is not fatal under Rule 213(a)(3) of the Pa. Rules of Criminal Procedure.

Rule 213(a)(3) provides:

"(a) An indictment shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains: . . . (3) the date when the offense is alleged to have been committed if the precise date is known . . . provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed *on or about* any

---

4. Compare *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888 (1975) where our Supreme Court, reiterating its support for our decision in *Commonwealth v. Levy*, 146 Pa.Super. 564, 23 A.2d 97 (1941), stated:
   "It may be conceded that in the prosecution of crimes of the kind here involved the Commonwealth is not required to prove their commission on the date laid in the indictment, but, failing in that, we think it has the burden, in order to sustain a conviction, of proving their commission upon some other date, fixed with reasonable certainty in being within the prescribed statutory period." See also *Commonwealth v. Yon*, 235 Pa.Super. 232, 341 A.2d 169 (1975).

date within the period fixed by the statute of limitations shall be sufficient."

Here, this firearms offense was a continuing one in that the lower court found that appellant had possession of the firearm on October 23 and 24, 1974, and continued to have it in his possession until it was removed from him by the police. Therefore, since appellant was continually violating Section 6105 during the periods of time which he had possession of the firearm, the Commonwealth was permitted to use the "on or about" language provided for in Rule 213(a)(3).

■ Moreover, under the circumstances stated above, it was not necessary for the indictment to allege the exact manner of possession, i. e., in a 1970 Dodge Sedan.[5] Additional allegations of this nature do not void an otherwise proper indictment. Extra information such as this, describing the events surrounding the commission of the crime are mere surplusage, so that the evidence which varied from the indictment constituted, at most, an innocuous variance, harmless in effect. See *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed. 2d 252 (1960); *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *Commonwealth v. Hudson,* 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Faulknier,* 89 Pa.Super. 454 (1926); *Commonwealth v. Norris,* 87 Pa.Super. 61 (1925).

Appellant was adequately notified that he was being charged with possession of a firearm after having been previously convicted of a crime of violence. The record reveals that appellant was not misled nor surprised in preparing his defense. *Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974). Appellant's counsel was aware that the February 26, 1975 suppression order was limited to the suppression of the weapon itself along

5. Of course, once again the suppression order barred proof of appellant's possession of the firearm on October 25, 1974 in the Dodge Sedan.

with the other physical evidence seized from appellant on October 25, 1974 in the 1970 Dodge Sedan, but that testimony relating to appellant's possession prior to the execution of the search warrant had not been suppressed.[6] Accordingly, the alleged variance was neither material nor prejudicial to appellant.

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge (dissenting):

Appellant contends that the evidence adduced at trial by the Commonwealth varied substantially from the allegations contained in the indictment. I agree and would, therefore, order appellant discharged.

In September of 1974, a burglary occurred at Laurel Valley Auto Sales in Latrobe, Westmoreland County. Henry B. Weirs, III, the owner of Laurel Valley Auto Sales, told the State Police that a Smith and Wesson .38 caliber revolver was stolen in the burglary. Mr. Weirs also reported the serial number of the stolen revolver to the police.

On October 23, 1974, appellant brought a Camaro automobile into Mrs. Connie Stap's auto shop for repairs. At midnight on October 23, 1974, appellant telephoned Mrs. Stap and asked her to retrieve a gun which was under

6. Parenthetically we note that the search warrant itself contained notice to the appellant that dates *other* than October 25, 1974 were deemed relevant and available for prosecution:
   "Affiant received information from a confidential informant that *on several dates during the month of October 1974* one John Charles Brandrup . . . had in [his] possession a .38 caliber Smith & Wesson 2" revolver . . . ."
   Thus, the purported variance did not preclude the defendant from anticipating the prosecution's proof." *Commonwealth v. Pope,* 455 Pa. 384, 391, 317 A.2d 887, 890 (1974). Nor did appellant, after the suppression hearing, request a clarification of this alleged deficiency through his bill of particulars in order to aid in preparation for trial and prevent surprise. *Commonwealth v. Simione,* 447 Pa. 473, 477, 291 A.2d 764 (1972).

the front seat of the car.   After finding the gun, Mrs. Stap called State Trooper Conley to report the serial number because she was interested in purchasing the gun and she wished to discover whether it had been stolen. Trooper Conley performed a National Crimes Information Center check on the serial number and discovered that the revolver was the one stolen from Mr. Weirs.

On October 24, 1974, at approximately 8 p.m., appellant returned to Mrs. Stap's establishment where she returned the revolver to appellant.   Appellant left the premises with the revolver in his possession.

Pursuant to a warrant, Trooper Laposky searched appellant's house and car on October 25, 1974, in Youngwood, Westmoreland County.   As a result of the search, appellant was arrested and charged with: possessing the instruments of crime,[1] receiving stolen property,[2] and former convict not to own a firearm.[3]   The Grand Jury of Westmoreland County returned a bill of indictment against appellant on January 13, 1975.   On February 26, 1975, a Westmoreland County judge suppressed all evidence seized by Trooper Laposky pursuant to the search warrant.   The evidence consisted of the .38 caliber Smith and Wesson revolver and some tools.

After a non-jury trial, appellant was found guilty of receiving stolen property and former convict not to possess a firearm; he was acquitted of possession of the instruments of a crime.

Appellant filed post-trial motions for a new trial and in arrest of judgment.   The court en banc granted appellant's motion to arrest judgment on the charge of receiving stolen property but denied the motion on the charge of former convict not to own a firearm.   On October 29,

1.   The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973;  18 Pa.C.S. § 907.

2.   The Crimes Code, supra;  18 Pa.C.S. § 3925.

3.   The Crimes Code, supra;  18 Pa.C.S. § 6105.

1975, appellant was sentenced to a term of imprisonment of two and one-half to five years. This appeal followed.

Appellant contends that the Commonwealth's proof at trial varied substantially from the allegations contained in the indictment.

It is clear that in criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment. *Commonwealth v. Lambert,* 226 Pa. Super. 41, 313 A.2d 300 (1973); *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972); *Commonwealth v. Aurick,* 342 Pa. 282, 19 A.2d 920 (1941). "The indictment is the star and compass of a criminal trial," and it "must be a notification to the defendant of the charge he has to meet." *Commonwealth v. Petrillo,* 338 Pa. 65, 77, 12 A.2d 317, 324 (1940). Pennsylvania case law makes clear that it is a fundamental necessity that the accused be informed of the nature of all crimes charged, as well as being given the opportunity to present a defense to those charges. *Commonwealth v. Wolfe,* 220 Pa.Super. 415, 289 A.2d 153 (1972); *Commonwealth v. Bryant,* 219 Pa.Super. 412, 281 A.2d 678 (1971). Moreover, a variance between an indictment and proof at trial will be fatal if "it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right." *Commonwealth v. Pope,* 455 Pa. 384, 391, 317 A.2d 887, 890 (1974).

The indictment in question provided:

"Count III:

"And the Grand Jury of Westmoreland County, by this indictment, further presents that on or about the same day and year as above, [October 25, 1974] in said County and State aforesaid, he, the said John Charles Brandrup, did unlawfully have in his 1970 dodge sedan, bearing Pennsylvania Registration Number 28H915, a Smith and Wesson 38 caliber two inch barrel revolver, Serial Num-

ber J203703, the revolver being stolen out of a burglary at the Laurel Valley Auto Sales, and owned by Henry Bernard Weirs III. The said John Charles Brandrup is currently under Commonwealth of Pennsylvania State parole. The said John Charles Brandrup was paroled and released from the State Regional Correctional Facility #5 on June 21, 1974, after having served a minimum term of two years for burglary and possession of burglary tools. All of which is against the Peace and Dignity and the General Assembly of the Commonwealth of Pa."

In the instant case, appellant was indicted for the possession of a firearm in a 1970 Dodge sedan. At trial, the Commonwealth proved possession at a completely different location, an auto repair shop. Clearly, appellant was entitled to prepare his defense in reliance upon the offense charged in the indictment. The indictment is his notice of the crime charged. Further, the variance was so great as to preclude the appellant from anticipating the Commonwealth's proof and to mislead the appellant in preparing his defense. An appellant should not have to guess what charges have been placed against him. If the charges in the indictment are not clear and explicit, an appellant cannot properly defend against them. See *Commonwealth v. Wolfe,* 220 Pa.Super. 415, 289 A.2d 153 (1972).

Because of the substantial variance between the charge in the indictment and the proof at trial, I would order appellant discharged.

SPAETH, J., joins in this dissenting opinion.