## Commonwealth v. Hartman

*Charles M. Guthrie, Jr.,* for Commonwealth.
*Robert L. Van Hoove,* for defendant.

ESHELMAN, *J.,* August, 29, 1980—Defendant was convicted by a jury of the crime of "former convict not to own a firearm"* and was acquitted by the court of unlawfully discharging a firearm within city limits. Defendant timely filed written post-trial motions for a new trial and in arrest of judgment which were subsequently briefed and argued. For the reasons set forth below, we have decided to deny defendant's motions.

Reviewing the evidence in the light most favorable to the verdict winner, Com. v. Mangini, 478 Pa. 147, 386 A. 2d 482 (1978), the following facts were adduced at trial. At approximately 12:02 a.m. on January 4, 1978 defendant, while driving a 1965 Chevelle, stopped for a red light at the intersection of Eighth and Bingaman Streets in the City of Reading. Defendant's brother, Andrew, was in the pas-

---

*Crimes Code, 18 Pa.C.S.A. §6105.

senger seat and one Cecelia Nieves, Andrew's girlfriend, sat between the two brothers. To the right of defendant's vehicle was a red and white Monte Carlo, occupied by three black men, who were also waiting for the light to change. A few seconds after arriving at the intersection, Andrew Hartman rolled down his window part way and shouted "niggers" which elicited a response from the driver of the Monte Carlo. Defendant then produced an H and R .22 caliber revolver and held it up in the air with his right hand. The Monte Carlo sped away and defendant followed keeping one and one-half to two car lengths behind. After being pursued for several blocks, the occupants of the Monte Carlo came upon two city policemen in a cruiser parked at Sixth and Cherry Streets. While these men were telling the officers what had transpired, defendant drove by. The policemen followed and pulled defendant over. One of the officers asked defendant for permission to search the vehicle. Defendant granted the request but the search uncovered nothing. The other officer then asked Miss Nieves if he could search her purse. She acceded and the officer discovered one H and R .22 caliber revolver containing five empty shells and four live rounds. Defendant and Miss Nieves were then arrested and taken to city hall where a Sirchie Metal Trace Test revealed that defendant's right hand had recently come in contact with an object composed of iron and steel. On January 12, 1978 the .22 caliber pistol found in Miss Nieves' purse was tested and found to be operable. At trial it was determined that in 1974 defendant had pleaded guilty to and was sentenced for the crime of burglary.

The first issue we are asked to consider is whether the credible evidence supports the verdict. "[T]he

test to be applied is whether, accepting as true all evidence and all reasonable inferences therefrom on which if believed the factfinder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime charged." Com. v. Addision, _____ Pa. Superior Ct. _____, _____, 413 A. 2d 402, 403 (1979). The trier of fact passes upon the credibility of witnesses and is free to believe all, part or none of the evidence: Com. v. Smith, 484 Pa. 71, 398 A. 2d 948 (1979).

At trial, Clyde Edwards, Jr., a passenger in the Monte Carlo, positively identified defendant as the person he saw brandishing a revolver at Eighth and Bingaman Streets. He said that defendant's vehicle was positioned under a street light that illuminated the scene and thereby gave Mr. Edwards a clear view of defendant. Both arresting officers identified defendant as the driver of the vehicle they pulled over in the early morning hours of January 4, 1978. Finally, Officer David B. Wright testified that he administered the metal trace test to defendant at 1:50 a.m. on January 4, 1978 and that said test proved positive for iron and steel contact. We conclude that the Commonwealth presented sufficient credible evidence for the factfinder to convict the accused of the crime charged. See Com. v. Calvert, 262 Pa. Superior Ct. 199, 396 A. 2d 714 (1978); Com. v. Brandrup, 244 Pa. Superior Ct. 144, 366 A. 2d 1233 (1976).

Defendant's second argument is that the court erred in admitting Exhibits 3 and 3A into evidence. Exhibit 3 is a notarized letter dated January 9, 1978, under seal, from one Gerald Toor, the person responsible for the custody of gun permits issued in the City of Reading. Mr. Toor wrote that as of January 9 defendant did not possess a city-issued

permit to carry a gun. Exhibit 3A is a notarized letter dated April 10, 1979, under seal, and signed by Bernard J. Dobinsky, Reading Chief of Police. Chief Dobinsky's letter attested to the fact that Mr. Toor had been employed as Chief Clerk for the Reading Bureau of Police since June 4, 1973.

It is our conclusion that no error was committed by admitting Exhibits 3 and 3A. The Judicial Code, 42 Pa.C.S.A. §6103(b), provides that the lack of an official record may be proven by a written statement, such as Exhibit 3, if there is proper authentication as set forth in 42 Pa.C.S.A. §6103(a). By the terms of the latter statute, the requisite certification may be made by any public officer having a seal of office and having official duties with respect to the governmental unit in which the record is kept. Exhibit 3A sets forth the proper certification. The Reading Bureau of Police is the governmental unit in which records of city-issued gun permits are kept. The chief of police is a public officer who has official duties with respect to the police bureau. Chief Dobinsky, in Exhibit 3A, attested to the fact that Mr. Toor is the Chief Clerk of the Bureau of Police and thus is the custodian of the records in question. Therefore, 42 Pa.C.S.A. §6103(b) has been complied with, and Exhibits 3 and 3A were properly admitted. See Com. v. Richbourg, 260 Pa. Superior Ct. 438, 394 A. 2d 1007 (1978); Com. v. Sentz, 90 York 136 (1976).

Defendant's post-trial motions are hereby denied.

## ORDER

And now, August 29, 1980 defendant's motions for a new trial and in arrest of judgment are hereby denied.