J-S07023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
             v.                      :
                                :
                                :
CYNTHIA ANN DELGADO          :
                                :
           Appellant         :     No. 2485 EDA 2022

Appeal from the PCRA Order Entered August 22, 2022,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0002381-2018.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED MARCH 30, 2023**

Cynthia Ann Delgado appeals from the order denying her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as well as an earlier order granting arguably insufficient funds for a forensic psychiatrist.  We affirm the orders and vacate Delgado's judgment of sentence at Counts 5, 7, 9, and 11.

In 2018, Delgado and Confesol Paduani arranged online to take a 15-year-old boy from Pennsylvania to South Carolina.  They drove him there and attempted to engage in sexual activity.  Police arrested Delgado and Paduani in South Carolina.  Pennsylvania State Police charged Delgado with thirteen offenses, including kidnapping, attempt to commit statutory sexual assault, and five separate counts of criminal conspiracy.

The case proceeded to a trial, where Delgado and Paduani were tried together. The jury convicted Delgado of all thirteen offenses.[1] On June 19, 2020, the court sentenced Delgado to an aggregate term of 7 to 14 years of imprisonment. Notably, the court imposed sentences for all five counts of criminal conspiracy, ordering each of these five sentences to run concurrently to the sentences for the corresponding underlying offenses. Delgado did not pursue a direct appeal.

On July 20, 2020, Delgado filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on December 2, 2020.

Delgado frames her issues as follows:

A. Were Delgado's serious mental health issues ignored by her trial counsel and not recognized by the court?

B. Was there an unwarranted multiplication of a single actual conspiracy into five separate ones to Delgado's prejudice?

Delgado's Brief at 4. The Commonwealth did not file a brief in this appeal.

In her first issue, Delgado argues that her trial counsel was ineffective *per se* for two reasons. First, trial counsel did not obtain qualified mental health professionals despite knowing that Delgado had mental health issues. Second, trial counsel did not ask the trial court to hold any proceedings outside the presence of her co-defendant Paduani. Delgado further challenges the

---

[1] Paduani was convicted of ten offenses and sentenced to an aggregate of 9 to 18 years of incarceration and 6 years of probation. *See **Commonwealth v. Paduani***, No. 553 EDA 2022, 2022 WL 16912237, at *1 (Pa. Super. Nov. 14, 2022) (non-precedential memorandum).

PCRA court's order granting $1,500 for a forensic psychiatrist, when both of the doctors consulted required a minimum of $5,000.

Appellate review of a PCRA court order "is limited to determining whether the order is supported by the evidence of record and free of legal error." **Commonwealth v. Taylor**, 283 A.3d 178, 184 (Pa. 2022) (citing **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014)).

Ordinarily, a PCRA petitioner must show ineffective assistance of counsel through a three-part test derived from **Strickland v. Washington**, 466 U.S. 668 (1984). To overcome the presumption that counsel is effective, the petitioner must prove "(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. **Commonwealth v. Drummond**, 285 A.3d 625, 634 (Pa. 2022) (citing **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1117 (Pa. 2012).

However, a petitioner may eschew this test by proving that counsel was ineffective *per se*. "[I]n certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." **Commonwealth v. Rosado**, 150 A.3d 425, 429 (Pa. 2016) (citing, *inter alia*, **United States v. Cronic**, 466 U.S. 648, 658–59 (1984)). Examples of when prejudice can be presumed include "(1) the actual or constructive denial of counsel at a critical stage of trial; (2) when counsel fails entirely to provide 'meaningful adversarial testing'

of the prosecution's case; and (3) circumstances wherein no lawyer, regardless of general competency, could have provided effective assistance of counsel." *Commonwealth v. Diaz*, 226 A.3d 995, 1008 (citing *Cronic*, 466 U.S. at 659).

Here, Delgado's first allegation of ineffectiveness *per se* stems from trial counsel's failure to obtain and consult with mental health professionals. She cites, among other cases, *Rompilla v. Beard*, 545 U.S. 374 (2005). *Rompilla* involved the failure to seek certain mitigation evidence ahead of a capital sentencing. Notably, the Court in *Rompilla* applied the *Strickland* standard, including an analysis of whether the petitioner had proven prejudice. *Id.* at 390–93. We conclude with respect to Delgado's first allegation that, like in *Rompilla*, she would be required to prove that trial counsel's failure prejudiced her. Because Delgado instead argues that counsel was ineffective *per se*, this claim fails; the PCRA court properly denied relief on this basis.[2]

Delgado's second allegation of ineffectiveness *per se* fares no better. She asserts that because Paduani was influencing her, trial counsel should have asked that trial be severed, or that certain proceedings be held separately from Paduani. However, she has not shown that this rises to the level of denial of counsel, the failure to test the Commonwealth's case, or a circumstance where no lawyer could have provided effective assistance. *Diaz*,

---

[2] To the extent that it is a separate issue, we find that the PCRA court did not abuse its discretion in granting $1,500 for a mental health expert, where Delgado did not show that additional funds were needed to develop a claim of ineffective assistance of trial counsel.

*supra*.  Furthermore, we agree with the PCRA court that the co-defendants' defenses were not so antagonistic as to require severance, so Delgado has not shown arguable merit to this claim.  Because Delgado has not shown merit or prejudice for this claim of ineffective assistance of counsel, the PCRA court properly denied relief on this basis.

In her second issue on appeal, Delgado argues that she was prejudiced by being prosecuted for five separate counts of criminal conspiracy.  She argues without support that this prejudice pervaded the trial, and that trial counsel had no reasonable basis for letting the jury decide all five counts.

The PCRA court reasons that all five conspiracy counts were necessary to determine the grading of the offense, which depends on the underlying crime.  It concludes that Delgado did not suffer prejudice at sentencing because the sentences for the multiple conspiracy counts ran concurrently to other counts.

We conclude that the PCRA court did not err in denying Delgado's motion for a new trial on this basis.  We agree with the PCRA court that the grading of the offense of conspiracy depends on the underlying offense, the object of the conspiratorial agreement.  We reject Delgado's assertion that the mere presence of multiple counts on a verdict sheet is inherently prejudicial.

However, we find that Delgado's sentence is illegal because she received multiple sentences for offenses that should have merged for sentencing purposes.  It is undisputed that there was one overarching conspiratorial agreement in this case.  *See Commonwealth v. Davis*, 704 A.2d 650, 654

(Pa. Super. 1997) (listing factors to consider for whether there is one conspiracy). Once the jury had returned a verdict and the sentencing court could calculate the grading of the conspiracy offense, it should have imposed sentence for only one conspiracy. The concurrent nature of the sentences does not render the sentence legal. ***Commonwealth v. Wolfe***, 289 A.2d 153, 155–56 (Pa. Super. 1972). Because the removal of the sentences for the additional counts of conspiracy does not upset the overall sentencing scheme, we will simply vacate the illegal sentences. ***Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa. Super. 2006).

Order affirmed. Judgment of sentence vacated at Counts 5, 7, 9, and 11, and affirmed in all other respects. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/30/2023*

- 6 -