449 A.2d 642

**COMMONWEALTH of Pennsylvania**

v.

**Bernard O'BRIEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed Aug. 13, 1982.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

SPAETH, Judge:

Appellant was found guilty by a jury of the offenses of aggravated assault, possession of an instrument of crime, and disorderly conduct. He was also found guilty by the court of the summary offense of public drunkenness. He argues, first, that the lower court erred in reading to the jury an incorrect point for charge submitted by the Commonwealth, and second, that he was improperly convicted of disorderly conduct as a misdemeanor of the third degree because the information only charged him with disorderly conduct as a summary offense. We find that the opinion of the lower court adequately disposes of appellant's first argument. However, we agree with appellant's second argument and therefore we vacate the judgment of sentence for disorderly conduct and discharge appellant as to that offense.

■ A purported variance between the indictment and the offense proved will not be fatal to the Commonwealth's case unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or otherwise impairs a substantial right of the defendant. *Commonwealth of Pope*, 455 Pa. 384, 317 A.2d 887 (1974). Generally stated, the requirement is that a defendant be given clear notice of the charges against him so that he can properly prepare a defense. *Commonwealth v. Wolfe*, 220 Pa. Superior Ct. 415, 289 A.2d 153 (1972).

■ Count 4 of the information charged appellant as follows:

And the District Attorney of the County of Luzerne further charges that Bernard O'Brien on the day and the year aforesaid, in said County, with intent to cause public

inconvenience, annoyance or alarm, or recklessly creating a risk thereof, did make unreasonable noise on Searle Street, Pittstown, and used obscene language.

This was a charge of disorderly conduct as a summary offense, defined by 18 Pa.C.S.A. § 5503(a) as follows:

A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

.   .   .   .   .

(2) makes unreasonable noise
(3) uses obscene language, or makes an obscene gesture;

. . . .

Disorderly conduct

... is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist.

18 Pa.C.S.A. § 5503(b).

Since no such intent or persistence was alleged in the information, appellant was not charged with disorderly conduct as a misdemeanor of the third degree. Nevertheless, the lower court, in instructing the jury, defined the charge against appellant as disorderly conduct as a misdemeanor of the third degree; that is to say, the court told the jury that in order to find appellant guilty of disorderly conduct, it had "[to] be satisfied that the following three elements have been proven beyond a reasonable doubt"—the court then going on to say that these elements were unreasonable noise or obscene language; intent to cause public inconvenience; *and* "that [appellant] did so with the intent to cause substantial harm or serious inconvenience and that he persisted in such disorderly conduct after reasonable warning or request to desist." N.T. 156–57.

The maximum penalty upon conviction of a summary offense is imprisonment of not more than ninety days, 18 Pa.C.S.A. § 1105, and a fine of $300, 18 Pa.C.S.A. § 1101(6). The maximum penalty upon conviction of a misdemeanor of

the third degree, on the other hand, is one year imprisonment, 18 Pa.C.S.A. § 1104(3), and a fine of $2,500, 18 Pa.C.S.A. § 1101(5). This difference in potential penalty is so substantial that had appellant been aware from the trial's inception that the jury would be at liberty to convict him of a misdemeanor, he might well have altered his trial strategy. Pa.R.C.P. 229 provides that the court "may allow an information to be amended when there is a defect in ... the description of the offense .... Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice." The Commonwealth, however, never moved to amend the information.

The judgment of sentence for disorderly conduct is vacated and appellant is discharged as to that offense; otherwise, the judgment of sentence is affirmed.