J-S33035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF A.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.M. | |
| | No. 1647 EDA 2012 |

Appeal from the Dispositional Order dated May 2, 2012
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-JV-0000584-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant A.M. appeals from the May 2, 2012, dispositional order of the Court of Common Pleas of Philadelphia County (juvenile court), which adjudicated her delinquent of harassment under Section 2709(a)(1), (2), and (4) of the Crimes Code (Code), 18 Pa.C.S. § 2709(a)(1), (2), and (4).[1] Upon review, we affirm.

---

[1] Appellant seems to ignore that "the appealable order is not the adjudication of delinquency (the equivalent of a finding of guilt in criminal matters), but rather is the dispositional order (the equivalent of the judgment of sentence in criminal matters)." ***In re J.D.***, 798 A.2d 210, 211 n.1 (Pa. Super. 2002).  We have corrected the caption accordingly.

The facts underlying this appeal are undisputed. On February 8, 2012, a delinquency petition[2] was filed against Appellant, alleging:

> On or around 2/8/2012, at or near 5901 Malvern Avenue (Beeber Middle School) in the City of Philadelphia, [Appellant] knowingly, intentionally, recklessly caused/attempted to cause bodily injury to the complainant, [School Police Officer] Johnnie Baker, by slapping his hand and pushing him into a wall, thereby causing injury including [back] pain. [Appellant] also threatened the complainant.

Delinquency Petition, 2/8/12, ¶4. Appellant was charged with terroristic threats with intent to terrorize another, harassment, simple assault, recklessly endangering another person, and aggravated assault.[3] On May 2, 2012, the juvenile court conducted an adjudicatory hearing at which only the School Police Officer, John Baker, testified. Officer Baker testified "[he] had finished up an arrest of another student, a narcotics arrest, in which [Appellant] had tried several times to interfere." N.T., 5/2/12, at 4-5. Explaining how Appellant had attempted to interfere with the arrest, he testified:

> As I was scuffling with the suspect, [Appellant] kept bursting into the room screaming for me to let suspect go, then asking him several times to give her his phone or his phone number so she could call his people to come up to the school. She was put out of the room several times. She kept bursting into the room. She had my foot on the door while I was scuffling with the suspect. Philadelphia Police showed up and assisted me in removing her from the area. After we got that arrest taken care of, [Appellant] was taken to the in-house room which is

_____

[2] Unlike criminal prosecutions, juvenile court proceedings are initiated by a petition pursuant to Section 6334(a) of the Juvenile Act, 42 Pa.C.S.A. § 6334(a), rather than by indictment, information, or criminal complaint.

[3] 18 Pa.C.S. §§ 2706(a)(1), 2709(a)(1), 2701(a), 2705, and 2702(a), respectively.

downstairs. The arrest was taking place on the second floor in Room 215. She was sent to the in-house room on the first floor which is Room 106, where she was to remain.

She kept coming up to the second floor, where she was not to be. I asked her several times to return. She would not return. I kept blocking her from going into Room 216. She picked up a chair, threw it. She didn't throw it at me, she threw it, she was cussing. She would move one way, I stopped her from going just standing in front of her. Finally, she slapped my hand down, took both her hands and shoved me against the wall. As I went to go place her under arrest, she told me *I better not come to work tomorrow.* That's my life, I swear to God. After I was able to get her handcuffed down to the room which is the school police office, 107B, I started to do the paperwork, she was sitting down. She got up, ran out of the room, ran through the marble hallway in the front of the buildings, ran through the auditorium, around the back of the building, ran up the second floor. I can't really say whether she was encouraging children, but they were stopping me from catching up to her. I was unable to locate her at the time. Finally, I got a call from the house director who indicated she was back in Room 216, where I came and was able to apprehend her again. She was in the room again making a large disturbance.

*Id.* at 5-7 (emphasis added). Also, at the hearing, upon the trial court's suggestion, the Commonwealth moved to amend the harassment charge contained in the delinquency petition to add Subsection (4) of Section 2709(a) of the Code. As the hearing transcript reveals:

The [juvenile court]: I find this to be harassment. I find her guilty of harassment. What do you have?

[Appellant's counsel]: I'm sorry, Your Honor. *How is that one going to be graded, as a summary*?

The [juvenile court]: I don't know yet. You may argue.

[Appellant's counsel]: I would ask Your Honor to grade it as a summary offense.

The [juvenile court]: Why?

[Appellant's counsel]: To start with, it was charged as a summary offense.

The [juvenile court]: Well, if it was charged as a summary offense—I have 2709 A1. I'm listening.

[Appellant's counsel]: Your Honor, they're charging her with 2709 A1, a strike, shove, kick. Under 2709 C1, that is the

grading section, Your Honor, an offense under subsection A1 constitutes a summary offense under the plain language.

The [juvenile court]: You may respond.

[Commonwealth]: Subsection A1 is a summary offense, Your Honor; but, typically, a lesser included offense would be included in the lead charge.

The [juvenile court]: I'm only going by the book.

[Commonwealth]: The Crimes Code; right?

The [juvenile court]: Yes, A1.

[Commonwealth]: If you're finding her guilty of A1, it's summary offense.

The [juvenile court]: I did find her guilty of A1.

[Commonwealth]: Then it is a summary.

The [juvenile court]: *That's not necessarily all I find her guilty of in that section, but I find her guilty of that. Now if there's something else in there you're finding that she did, for example, engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose, I find her guilty of that too*.

[Commonwealth]: I would also ask for A4, Your Honor, communicates threating or obscene words.

The [juvenile court]: And I find her guilty of 4. Anything else?

[Appellant's counsel]: May I respond to A4?

The [juvenile court]: Why? What about it?

[Appellant's counsel]: I would simply say, Your Honor, for it to be harassment, she has to be doing it to harass, annoy, or alarm another person. I would argue, Your Honor, that it's transitory anger. She's not doing it with that intent. It's a statement that's coming out of her mouth quickly.

The [juvenile court]: Wait. On 4 it says communicates to or about such other person any lewd, lascivious, threatening, or obscene words, language, drawings, or characters. He said that's what she was doing.

[Appellant's counsel]: I understand that, Your Honor.

The [juvenile court]: You're saying her reasons for it?

[Appellant's counsel]: I'm saying that the definition of the offense in A, before any of the subsections, says that it has to be done with the intent to harass someone.

The [juvenile court]: Let me tell you this, I've been a lawyer all my life, pretty near all of my life, and there are sometimes apparently you're thinking that there is a way you can find out the Crimes Code to the point that what she did—let's arguably say that what she did in that school was illegal, and you're saying she ought to walk for that; that's not guilty. Sometimes you just can't find your way out; and when that happens, I find

it's best to say, yeah, I guess not. Because what she did is illegal. You can't do that. That's it. Now, if you could, I would find her not guilty because I love to do not guilty. But she's guilty. I found her not guilty of everything I could find her not guilty of. But in terms of harassment, she's guilty of harassing that officer. That's why I found her guilty of it. That's over.

[Appellant's counsel]: I have no response.

*Id.* at 19-23 (emphasis added). The juvenile court adjudicated Appellant delinquent under Section 2709(a)(1), (2), and (4) and dismissed the remaining charges.[4] Appellant filed a Pa.R.A.P. 1925(b) statement of errors of complained of on appeal, in which she alleged, *inter alia*, that the juvenile court erred in adjudicating her delinquent for harassment under Section 2709(a)(4) of the Code, a third-degree misdemeanor, when she was charged with harassment only under Section 2709(a)(1), a summary offense. Disagreeing with her argument, the juvenile court concluded in its Pa.R.A.P. 1925(a) opinion that "Appellant was on adequate notice, from the summary of her alleged delinquent behavior as contained in the

_____

[4] Section 2709(a) provides in relevant part:

A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

(2) follows the other person in or about a public place or places;

. . .

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]

18 Pa.C.S. § 2709(a).

[delinquency] [p]etition." Juvenile Court Opinion, 9/24/13, at 3. The juvenile court reasoned:

> [A]s indicated in the attached [delinquency] [p]etition the alleged acts included allegations that [Appellant] threatened the complainant. These allegations unquestionably would suggest a finding of guilty under Section 2709(a)(4) which requires proof that a person, with the intent to harass, annoy or alarm another person, communicates to such other person in any threatening words. This [c]ourt found beyond a reasonable doubt that Appellant made a threat to the complainant by stating that he better not come to work the next day.

*Id.* at 3.

On appeal,[5] Appellant argues only that the juvenile court erred as a matter of law, because it "violated [her] right to due process when it found [her] guilty of harassment under [Section 2709(a)(4)], a misdemeanor of the third degree, where the [delinquency] petition filed against her only charged her with harassment under [Section 2709(a)(1)], graded as a summary offense." Appellant's Brief at 9. Appellant argues that her delinquency adjudication for harassment under Section 2709(a)(4) "violates 'The right to formal notice of the charges, guaranteed by the Sixth

_____

[5] Our standard of review of dispositional orders is well-settled: "The Juvenile Act grants broad discretion to the court when determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion." *In the Interest of R.D.*, 44 A.3d 657, 664 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012) (quoting *In the Interest of R.D.R.*, 876 A.2d 1009, 1013 (Pa. Super. 2005)). An abuse of discretion "requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Commonwealth v. Rodriguez*, 81 A.3d 103, 106 (Pa. Super. 2013) (quotation omitted).

Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution.'" *Id.* at 14. Specifically, she argues "[she] was never put on notice that she could be adjudicated of harassment as a misdemeanor." *Id.* at 15.

At the outset, based upon our review of the record, we note that Appellant has failed to preserve this issue for appellate review. As the hearing transcript indicates, Appellant failed to challenge before the trial court the Commonwealth's underlying request to add a charge for harassment under Section 2709(a)(4) on constitutional grounds. Rather, Appellant challenged only the resulting delinquency adjudication on the basis that she did not meet the required elements. As Appellant's counsel remarked at the hearing:

> I would simply say, Your Honor, for it to be harassment, she has to be doing it to harass, annoy, or alarm another person. I would argue, Your Honor, that it's transitory anger. She's not doing it with that intent. It's a statement that's coming out of her mouth quickly.
>
> . . . .
>
> I'm saying that the definition of the offense in [Section 2709(a)], before any of the subsections, says that it has to be done with the intent to harass someone.

N.T., 5/2/13, at 21-22. Further, the record indicates that Appellant, for the first time, raised the constitutional (due process) issues in her Rule 1925(b) statement. It is well-settled that issues not raised before the trial court cannot be advanced for the first time on appeal. *See* Pa.R.A.P. 302(a).

> Issue preservation is foundational to proper appellate review . . . . By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon

- 7 -

the principle that a trial court . . . must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1212 (Pa. 2010) (citations omitted). Thus, "'[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.'" *Commonwealth v. Kohan*, 825 A.2d 702, 706 (Pa. Super. 2003). As in this case, even if the trial court decides to address a waived issue in response to a defendant's statement of issues complained of on appeal, such issue is still not properly preserved for appellate review. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*). Nonetheless, because Appellee does not raise the issue of waiver in its brief, we do not reject as waived Appellant's argument on appeal.

In support of her argument that her delinquency adjudication under Section 2709(a)(4) be set aside, Appellant chiefly relies on *Commonwealth v. O'Brian*, 449 A.2d 642 (Pa. Super. 1982). We, however, conclude that such reliance is misplaced because the instant case is distinguishable from *O'Brian*. In *O'Brian*, this Court agreed with the appellant's argument that "he was improperly convicted of disorderly conduct as a misdemeanor of the third degree because the information only charged him with disorderly conduct as a summary offense." *Id.* at 643. As we explained in *O'Brian*:

> A purported variance between the indictment and the offense proved will not be fatal to the Commonwealth's case unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the

prosecution's proof, or otherwise impairs a substantial right of the defendant. Generally stated, the requirement is that a defendant be given clear notice of the charges against him so that he can properly prepare a defense.

*Id.* (internal citations and quotation marks omitted). Thus, we concluded because the appellant was not charged with disorderly conduct as a misdemeanor of third degree, and no facts suggesting the same were alleged in the information, he lacked the requisite notice to prepare his defense. *See id.* at 644. Specifically, we reasoned that the difference in the potential penalty between disorderly conduct as a summary offense and a third-degree misdemeanor "is so substantial that had [the] appellant been aware from the trial inception that the jury would be at liberty to convict him of a misdemeanor, he might well have altered his trial strategy." *Id.*

Instantly, although Appellant may not have been specifically aware of the fact that she would be adjudicated delinquent for harassment under Section 2709(a)(4) of the Code (a third-degree misdemeanor), sufficient facts were contained in the delinquency petition indicating that she was subject to harassment under Section 2709(a)(4). In particular, as the juvenile court found, the delinquency petition alleged that Appellant *threatened* the complainant, *i.e.*, Officer Baker, "by stating that he better not come to work the next day." Juvenile Court Opinion, 9/24/13, at 2-3. Moreover, as the juvenile court noted, Appellant's counsel's "attempt[] to impeach [Officer Baker] through the statement he gave to the police regarding the allegation that [Appellant] communicated any threatening words" indicated that Appellant had adequate notice of a potential

delinquency adjudication for harassment under Section 2709(a)(4). *Id.* Thus, based on the evidence of record, we conclude that Appellant was sufficiently aware of the facts necessary to adjudicate her delinquent under Section 2709(a)(4). *But see Commonwealth v. Bricker*, 882 A.2d 1008, 1020 (Pa. Super. 2005) (concluding the appellant was prejudiced because the "5.3 grams [of crack cocaine] were not included in the original information, [as a result of which the] [a]ppellant did not have knowledge of the alleged criminal conduct prior to trial.").

In any event, even if we had determined that Appellant lacked notice of a possible delinquency adjudication under Section 2709(a)(4), we still would have to determine whether Appellant was prejudiced by such adjudication. In *Commonwealth v. Page*, 965 A.2d 1212 (Pa. Super. 2009), *appeal denied*, 74 A.3d 125 (Pa. 2013), we explained:

> Pursuant to Pennsylvania Rule of Criminal Procedure 564, an information may be amended "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense."[6]

_____

[6] We find the reasoning in *Page* instructive and apropos to the instant case. Particularly, Rule 334 of the Pennsylvania Rules of Juvenile Court Procedure is substantially similar to Pa.R.Crim.P. 564. Like Pa.R.Crim.P. 564, Rule 334 provides in relevant part:

**A. Amendment.**

(1) The court shall allow a petition to be amended when there is a defect in:

(a) form;

*(b) the description of the offense*;

(c) the description of any person or property; or

*(Footnote Continued Next Page)*

- 10 -

Pa.R.Crim.P. 564. The purpose of this rule is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006); *Commonwealth v. Hoke*, 928 A.2d 300, 303 (Pa. Super. 2007). The test to be applied when evaluating a challenge to an amended information was set forth in [] *Bricker*, 882 A.2d [at] 1019 [] (citation omitted), as follows:

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Relief is warranted only when the amendment to the information prejudices a defendant*. *Commonwealth v. Roser*, 914 A.2d 447, 454 (Pa. Super. 2006), *appeal denied*, [] 927 A.2d 624 (Pa. 2007); *Sinclair*, 897 A.2d at 1223. Factors to be considered when determining whether Appellant was prejudiced by the Commonwealth's amendment include whether the amendment changes the factual scenario; whether new facts, previously unknown to appellant, were added; whether the description of the charges changed; whether the amendment necessitated a change in defense strategy; and whether the timing of the request for the amendment allowed for ample notice and preparation by appellant. *Roser*, 914 A.2d at 454; *Sinclair*, 897 A.2d at 1223.

*Page*, 965 A.2d at 122-24 (emphasis added). Here, with the above explanation in mind, we would conclude that the Commonwealth's request to

_____

*(Footnote Continued)* —————————————

(d) the date alleged.

(2) The court shall not allow a petition to be amended if the petition alleges *a different set of events or offenses, where the elements or defenses are materially different from the elements or defenses to the offense originally petitioned*.

Pa.R.J.C.P. 334(A) (emphasis added).

add harassment under Section 2709(a)(4) of the Code was not prejudicial to Appellant. In fact, we observe that, in her brief, Appellant has failed to allege any harm or prejudice that she has suffered as a result of her delinquency adjudication under Section 2709(a)(4). Regardless, because her adjudication under Section 2709(a)(4) arose from the same set of events and offenses (harassment), we necessarily would conclude Appellant has failed to demonstrate that her delinquency adjudication for harassment under Section 2709(a)(4) of the Code was prejudicial. Accordingly, the juvenile court did not err in adjudicating her delinquent under Section 2709(a)(4), a third-degree misdemeanor.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2014