J-S02016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHARIF BROWN, | |
| Appellant | No. 3457 EDA 2013 |

Appeal from the Judgment of Sentence of August 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000850-2010
CP-51-CR-0000851-2010
CP-51-CR-0000852-2010
CP-51-CR-0000853-2010
CP-51-CR-0000854-2010

BEFORE: MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.: **FILED MARCH 17, 2015**

Appellant, Sharif Brown, appeals from the judgment of sentence entered on August 12, 2013 in the Criminal Division of the Court of Common Pleas of Philadelphia County. After careful review, we affirm in part, vacate in part, and remand for resentencing.

Appellant was arrested and charged with multiple robbery, assault, and firearms related offenses following three gunpoint robberies that occurred in Philadelphia on October 24, 2009. Thereafter, Appellant proceeded to a jury trial that commenced on March 20, 2013. On March 26, 2013, the jury found Appellant guilty of numerous charges and the trial court imposed an aggregate sentence of 17½ to 35 years' imprisonment on

August 12, 2013. Set forth below is a summary, by docket number, of Appellant's convictions and his corresponding sentences.

At CP-51-CR-0000850-2010 (850-2010), Appellant was convicted and sentenced to two and one-half to five years of incarceration for persons not to possess firearms,[1] two and one-half to five years of incarceration for carrying a firearm without a license,[2] two and one-half to five years of incarceration for carrying firearms in public in Philadelphia,[3] two and one-half to five years of incarceration for possessing an instrument of crime (PIC),[4] and one to two years of incarceration for simple assault.[5] All of these sentences were set to run concurrently.

At CP-51-CR-0000851-2010 (851-2010), Appellant was convicted and sentenced to five to 10 years of incarceration for robbery.[6] The trial court directed that this sentence should run consecutive to those imposed at 850-2010. In addition, Appellant was convicted and sentenced to five to 10 years of incarceration for possession of firearms prohibited, three and

_____

[1] 18 Pa.C.S.A. § 6105. The trial court determined Appellant's guilt for this offense at all docket numbers.

[2] 18 Pa.C.S.A. § 6106.

[3] 18 Pa.C.S.A. § 6108.

[4] 18 Pa.C.S.A. § 907.

[5] 18 Pa.C.S.A. § 2701.

[6] 18 Pa.C.S.A. § 3701.

one-half to seven years of incarceration for carrying a firearm without a license, and two and one-half to five years of incarceration for carrying firearms in public in Philadelphia. The trial court ordered that these sentences should run concurrent to the sentence for robbery at docket (851-2010).

At CP-51-CR-0000852-2010 (852-2010), Appellant was convicted and sentenced to five to 10 years of incarceration for aggravated assault.[7] The trial court ordered that Appellant's sentence for aggravated assault should run consecutive to the sentence imposed at 851-2010. In addition, Appellant was convicted and sentenced to five to 10 years' incarceration for robbery, five to 10 years' incarceration for possession of firearms prohibited, three and one-half to seven years' incarceration for carrying a firearm without a license, and two and one-half to five years of incarceration for carrying firearms in public in Philadelphia. Appellant's sentences for robbery and his firearms convictions were set to run concurrent to the sentence imposed for aggravated assault at docket (852-2010).

At CP-51-CR-0000853-2010 (853-2010), Appellant was convicted and sentenced to five to 10 years of incarceration for possession of a firearm prohibited and one to two years of incarceration for simple assault. The trial

---

[7] 18 Pa.C.S.A. § 2702.

court directed that these sentences should run concurrent to the punishments imposed at the other docket numbers.

At CP-51-CR-0000854-2010 (854-2010), Appellant was convicted and sentenced to five to 10 years of incarceration for robbery. The trial court ordered this sentence to run consecutive to the sentences imposed at 852-2010. In addition, Appellant was convicted and sentenced to five to 10 years of incarceration for possession of firearms prohibited, three and one-half to seven years of incarceration for carrying firearms without a license, two and one-half to five years of incarceration for carrying firearms in public in Philadelphia, and two and one-half to five years for PIC. The trial court ordered these sentences to run concurrent to Appellant's robbery sentence at this docket (854-2010).

On August 22, 2013, Appellant moved for post-sentence relief, alleging, among other things, that his sentence was excessive. The trial court denied Appellant's post-sentence motion on October 30, 2013.

Subsequently, Appellant filed a notice of appeal on November 27, 2013. Appellant's notice, however, listed only docket number 854-2010. After obtaining leave from this Court to amend the notice by listing the remaining docket numbers, Appellant filed a corrected notice of appeal on February 27, 2014.

Meanwhile, on January 15, 2014, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement

of errors complained of on appeal within 21 days. After receiving an extension of time from the trial court, Appellant filed his concise statement on February 26, 2014. Appellant preserved his present claims by including them within his submission to the trial court.

Appellant's brief raises the following questions for our review:

Was not the evidence insufficient to establish that Appellant was the perpetrator of the crimes for which he was convicted?

Did [the trial court err] in sentencing Appellant on more than one count of [possession of firearms prohibited, carrying a firearm without a license, and carrying firearms in public in Philadelphia under] 18 Pa.C.S.[A.] §§ 6105, 6106 and 6108 where the evidence presented at trial was that Appellant carried the firearm in an uninterrupted fashion for the entire period encompassing the robberies[?]

Should not the mandatory minimum sentencing statute, 42 Pa.C.S. § 9712 [sentences for offenses committed with firearms], be declared void and unenforceable, where multiple procedural provisions within the statute are facially unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and cannot properly be severed from the remaining statute, thereby rendering application in Appellant's case of the mandatory minimum sentence of [five] to 10 years[']confinement on the robbery and aggravated assault conviction[s] under this statute unconstitutional[?]

Was not the [trial] court's imposition of 17½ to 35 years[']confinement in violation of the Sentencing Code and contrary to the fundamental norms underlying the sentence process, and therefore manifestly unreasonable, excessive and an abuse of discretion?

Appellant's Brief at 5-6.

Appellant argues in his first issue that the eyewitness testimony in this case was so inherently unreliable that the evidence was insufficient to

establish that he perpetrated the crimes for which he was convicted. To advance this claim, Appellant cites the brief duration of the complainants' encounters with their assailant, the fact that these encounters occurred at night, the "unremarkable" descriptions offered by the victims, and certain minor inconsistencies established during examination at trial. *See* Appellant's Brief at 23-29. This claim fails.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Patterson*, 940 A.2d 493, 500 (Pa. Super. 2007).

Here, Appellant's challenges to the eyewitness testimony relate to the weight of the evidence, not to its sufficiency. *See Patterson*, 940 A.2d at 502; *Commonwealth v. Galloway*, 434 A.2d 1220, 1222 (Pa. 1981) (discrepancies in testimony go to the credibility of the witnesses and not the sufficiency of the evidence); *Commonwealth v. Halye*, 719 A.2d 763, 764 (Pa. Super. 1998) (en banc), *appeal denied*, 743 A.2d 916 (Pa. 1999), *cert. denied sub nom*, *Pennsylvania v. Halye*, 529 U.S. 1012 (2000) (mere

conflict in the testimony does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence).

Viewing the evidence in the light most favorable to the verdict winner, we find that the Commonwealth presented sufficient evidence to establish Appellant's identity as the perpetrator. In this case, Reginald Beatty, one of the robbery victims, wrestled with Appellant and was able to describe Appellant's facial features to police. During this struggle, a cellular telephone belonging to another victim (Steven King) fell from Appellant's pocket. After Appellant's arrest, Beatty positively identified Appellant as his assailant. Moreover, Beatty identified Appellant at trial. Lastly, all three of the victims accurately and consistently described Appellant's complexion, height, weight, age, and clothing to police. Thus, the evidence was not so inherently unreliable that it precluded a finding of guilt. **See Commonwealth v. Orr**, 38 A.3d 868, 874-875 (Pa. Super. 2011); **Patterson**, 940 A.2d at 502 (positive identification of appellant as perpetrator of burglary sufficient to support conviction).

In his second issue, Appellant asserts that the trial court unlawfully sentenced him for five violations of § 6105 (persons not to possess firearms), and for four violations each of §§ 6106 (possession of firearms without a license) and 6108 (possession of firearms in public in Philadelphia). Appellant maintains that, notwithstanding the three armed

robberies *sub judice* and the ensuing armed interaction with police, his possession of a firearm constituted a single, uninterrupted criminal episode for purposes of the foregoing firearms provisions.  Hence, under our decision in **Commonwealth v. Woods**, 710 A.2d 626 (Pa. Super. 1998), *appeal denied*, 729 A.2d 1129 (Pa. 1998), Appellant argues that it was improper for the trial court to impose multiple sentences for each provision that Appellant violated.

The Commonwealth advances two arguments in support of the trial court's conclusion that multiple sentences were appropriate.  First, the Commonwealth cites 42 Pa.C.S.A. § 9765 for the proposition that crimes do not merge for sentencing purposes unless the offenses arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  **See** Commonwealth's Brief at 14.  Next, the Commonwealth cites **Commonwealth v. Andrews**, 720 A.2d 764 (Pa. super. 1998), *aff'd*, 768 A.2d 309 (Pa. 2001), wherein both this Court and our Supreme Court affirmed two convictions for PIC where the defendant used a handgun in two separate robberies, in two separate apartment complexes, on the same day.

Appellant's claim alleges that the trial court improperly imposed multiple punishments for a single criminal act, a contention that implicates the legality of Appellant's sentences.  **See Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*) (the term illegal sentence is

one that applies to a narrow class of cases including: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000)). "Issues relating to the legality of a sentence are questions of law[; hence, o]ur standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012), *appeal denied*, 53 A.3d 756 (Pa. 2012).

Appellant maintains that possession of a firearm is a continuous and uninterrupted event for purposes of §§ 6105, 6106, and 6108, and that his use of a handgun during the three October 24, 2009 robberies and the ensuing armed encounter with police, did not alter this fact. Appellant cites to **Woods** in support of this contention. In **Woods**, the defendant perpetrated a series of armed assaults following a vehicle accident and was convicted, *inter alia*, of two counts of violating § 6108. **See Woods**, 710 A.2d at 631. We concluded that the defendant's gun possession represented a single offense under § 6108, reasoning that the crime was complete upon carrying a weapon on a public street, regardless of whether it was used in the commission of a crime. **See id.**; **accord Commonwealth v. Brandrup**, 366 A.2d 1233, 1234 (Pa. Super. 1976) (holding that the crime of former convicts not to own or possess a firearm is a continuing offense). We explained our rationale as follows:

It is important to point out that the violation of the Firearms Act was separate and apart from appellant's usage of the firearm in the assaults. That is to say, appellant would have been guilty of violating § 6108 by carrying a weapon regardless of whether or not he used the weapon in the commission of a crime. Logically speaking then, the Commonwealth's decision to charge him with two violations of this section is wholly arbitrary.

Under § 6108 a crime is committed by carrying a weapon on a public street. In the context of an uninterrupted or continuous carrying of a weapon at what point does one stop "carrying" a firearm on the street and start anew? Does one commit a violation of the Act with every step he takes while carrying a firearm? Or does one commit a violation based upon a certain passage of time? If so, how much time must pass before a new offense begins? Is it a separate offense for every hour one carries a weapon? Or every ten minutes?

The fact of the matter is there was no evidence to indicate that appellant carried the subject weapon in other than an uninterrupted fashion for the entire period encompassing the two assaults, as well an indeterminate period of time before and after the assaults. Since under the Act commission of the offense is not predicated upon the commission of a crime with the weapon the charging of two violations is no more logical than charging appellant for one offense every ten minutes, or every hour, or every step he took, while carrying a weapon. Although zealous District Attorneys might embrace such an interpretation of the Act we cannot. Since the offense is not linked to usage of the firearm in a separate crime appellant's "carrying" of the weapon must be construed, from a logical standpoint, to represent a single offense of the statutory prohibition against carrying a weapon upon the street. Since appellant committed but one offense in carrying a weapon upon the streets, he cannot have two sentences imposed upon him for that violation. As such, we reverse the second sentence imposed upon appellant for violation of 18 Pa.C.S.A. § 6108 at Bill number 4422. In all other respects the judgment of sentence is affirmed.

*Woods*, 710 A.2d at 631-632 (footnotes omitted).

In this case, the record establishes that Appellant unlawfully possessed a firearm[8] during the course of three robberies and during an armed encounter with police that immediately followed his confrontation of the robbery victims. The entire episode occurred within a brief period and was confined to a localized vicinity in the City of Philadelphia. Hence, Appellant's firearm possession was continuous and uninterrupted in nature and constituted only a single offense under §§ 6105, 6106, and 6108. Since Appellant committed only one violation of each of the offenses codified at §§ 6105, 6106, and 6108, the trial court erred in imposing multiple sentences for those violations. As such, we vacate the multiple sentences imposed upon Appellant for violating §§ 6105, 6106, and 6108. We remand to allow the trial court to consider an appropriate single sentence for Appellant's violations of each of these provisions.

We are not persuaded by the arguments forwarded by the Commonwealth in defense of multiple sentences. As a preliminary matter, we reject the Commonwealth's reliance upon 42 Pa.C.S.A. § 9765 to support

_____

[8] There is no dispute in this case that: 1) Appellant's criminal history revealed a disqualifying prior conviction for purposes of § 6105; 2) Appellant lacked the proper credentials for carrying a firearm as required for § 6106; and, 3) Appellant carried his firearm on a public street in Philadelphia despite the prohibition found in § 6108.

its position. Section 9765, entitled Merger of Sentences,[9] comes into play where a single act results in a violation of two distinct penal provisions, thereby necessitating a comparison of the elements of each offense to determine whether one of the provisions requires proof of a fact that the other does not. *Commonwealth v. Baldwin*, 985 A.2d 830, 836 (Pa. 2009), *quoting* *Blockburger v. United States*, 284 U.S. 299 (1932). Here, by contrast, Appellant's claim centers upon whether he committed one continuous act or multiple acts in violation of the respective firearms provisions. Thus, § 9765 has no relevance to the precise claim before us.

The Commonwealth's citation to *Andrews*, *supra* is also unavailing. In *Andrews*, the defendant and another individual, both armed with handguns, robbed an apartment complex in the City of Philadelphia. Later the same day, approximately two hours later, the defendant and his partner robbed a second apartment complex in a different part of town. Both actors employed handguns to facilitate the robberies. Shortly thereafter, the men

---

[9] Section 9765 provides:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

were arrested. At the conclusion of a joint trial, the jury found the defendant and his co-defendant guilty of five counts of robbery, two counts of criminal conspiracy, and two counts of PIC.

On appeal to this Court, the defendant alleged that principles of double jeopardy and statutory construction required that we vacate his multiple consecutive sentences for conspiracy and PIC. Citing the Commonwealth's motion to proceed with a consolidated trial, the defendant reasoned that if the robberies constituted a continuous, overlapping common scheme, then the inchoate crimes of conspiracy and PIC constituted a single, continuing offense such that only one sentence should have been imposed. We rejected the defendant's claim, concluding that nothing about the concept of consolidation compelled merger of his sentences. In addition, we distinguished our then-recent decision in **Woods**, holding that it was possible for the trial court to conclude that the two robberies -- and, hence, the defendant's two PIC convictions -- were separate and unrelated criminal offenses. **See Andrews**, 720 A.2d at 769 n.8.

Our Supreme Court accepted **Andrews** for further review. Initially, the Supreme Court noted that the defendant's challenge to the multiple sentences imposed for his inchoate crimes such as PIC was properly viewed as a challenge to the sufficiency of the evidence, rather than a legality of sentence claim. **Andrews**, 768 A.2d at 313. This was because the relevant inquiry was fact intensive and focused primarily upon the actor's intent, as

demonstrated by the circumstances surrounding his unlawful possession, which determined "whether his repeated use of the firearm was the product of a singular criminal intent or reflective of multiple manifestations of intent associated with each act." *Id.* If repeated, criminal use of the firearm could be inferred from the facts, then multiple sentences for PIC could be imposed without implicating double jeopardy concerns. *See id.* ("resolution of the double jeopardy issue is inextricably intertwined with the sufficiency of the evidence"). Ultimately, the Supreme Court in *Andrews* upheld the defendant's multiple convictions and sentences for PIC because it found that the evidence was sufficient to show that the defendant twice developed the intent to employ his firearm criminally in furtherance of separate conspiratorial agreements. *Id.* at 318. In reaching this conclusion, the Supreme Court expressly differentiated the firearm offense at issue in *Woods*, which did not require a showing of intent, from the defendant's convictions for PIC, where intent constituted the touchstone of the actor's criminal liability. *Id.* at 317.

In the present case, Appellant brings a claim that is directly parallel to the one we considered in *Woods*.[10] As in *Woods*, Appellant's crimes were complete when he acquired unlawful possession of a handgun. Moreover, his intent to employ the firearm for criminal purposes was irrelevant to a

---

[10] Appellant does not challenge his convictions or sentences for PIC.

finding of guilt under §§ 6105, 6106, and 6108. Thus, unlike the situation in **Andrews**, where an assessment of the surrounding circumstances showed that the commission of multiple criminal offenses supported compound sentences, there could be no similar showing in the instant case. Therefore, **Woods** requires that we vacate Appellant's sentences for his firearms convictions.

Appellant's third claim alleges that the trial court imposed illegal mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712 when it fashioned punishments for Appellant's convictions on three counts of robbery and one count of aggravated assault. Appellant's Brief at 33, *citing* **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). The Commonwealth does not dispute that § 9712 has been invalidated by prior decisions of this Court. It claims, however, that Appellant has waived his present challenge and that the **Alleyne**-offending provisions of § 9712 are severable from remaining portions of the statute.

We are constrained to disagree with the Commonwealth's contentions.[11] It is firmly established that a challenge to the application of a

_____

[11] Several members of this Court, including this author, have recognized that cogent arguments support a finding that the **Allenye**-offending provisions of Pennsylvania's mandatory minimum sentencing schemes are severable. **Commonwealth v. Newman**, 99 A.3d 86, 104-106 (Pa. Super. 2014) (*en banc*) (Mundy, J. dissenting); **Commonwealth v. Bizzel**, 2014 WL 6756277 at *4-*11 (Pa. Super. 2014) (Bowes, J. concurring). To date, however,
*(Footnote Continued Next Page)*

mandatory minimum sentence raises concerns as to the legality of the sentence and cannot be waived. ***Commonwealth v. Wately***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). Moreover, several recent decisions issued by this Court have declared that § 9712 is unconstitutional and that the ***Alleyne***-offending provision are not severable from the remainder of the statute. ***See***, ***e.g.***, ***Commonwealth v. Ferguson***, 2015 WL 49438, *5-*8 (Pa. Super. 2015); ***Commonwealth v. Valentine***, 101 A.3d 801, 809, 811-812 (Pa. Super. 2014). Hence, we must vacate Appellant's sentence and remand for resentencing without consideration of the mandatory minimum sentences provided in § 9712.

In his fourth claim, Appellant presents a challenge to the discretionary aspects of his sentence. In view of our dispositions of Appellant's second and third issues, which remanded this case for resentencing, we decline to review Appellant's discretionary sentencing claim.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

*(Footnote Continued)* ————————

these views have not carried the day. However, our Supreme Court is currently considering the issue of severability in several cases.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2015